NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0290n.06

No. 10-5999

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 02, 2016
DEBORAH S. HUNT, Clerk

HEATHER MCKEEVER, et al.,

     Plaintiffs-Appellants,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

     Defendants-Appellees.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

_____/

BEFORE:    CLAY, GIBBONS, and STRANCH, Circuit Judges.

**CLAY, Circuit Judge.**  Plaintiffs Heather McKeever and Shane Haffey ("Plaintiffs") appeal from the district court's order granting Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss. For the reasons set forth below, we **DISMISS** this appeal for lack of jurisdiction.

## BACKGROUND

On October 21, 2008, Plaintiffs filed a complaint against MERS in Kentucky state court, seeking to quiet title to their home located at 3250 Delong Road, Lexington, Kentucky 40515 ("the Property"). Plaintiffs' complaint appeared to acknowledge the existence of a mortgage on the Property ("the Mortgage"), but averred that any transfer of the Mortgage to MERS was invalid. MERS removed the case to federal court and thereafter filed a motion to dismiss. Before the district court ruled on that motion, however, Plaintiffs' case was consolidated with

three others concerning the Property. As part of the consolidation process, MERS's motion to dismiss was denied without prejudice and subsequently reinstated. The court's reinstatement order required the parties to file supplemental briefs on MERS's motion to dismiss.

In accordance with the court's order, MERS filed a supplemental brief and affidavit informing the district court that: (1) MERS did, in fact, hold a valid mortgage on the Property when Plaintiffs' case was filed; but (2) since filing its original motion to dismiss, MERS had assigned the Mortgage to non-party Deutsche Bank. MERS's supplemental brief argued that as a result of this intervening assignment, MERS no longer claimed an interest in the Property and the quiet title suit against it should be dismissed. Plaintiffs filed a sur reply, arguing that the assignment was "bogus." The district court adopted MERS's argument and granted its motion to dismiss. Judgment was entered pursuant to the district court's order on March 18, 2010.

On April 6, 2010, Plaintiffs filed a motion for reconsideration. In that motion, Plaintiffs "request[ed] that the [Title] be quieted as to Deutsche as it has had actual notice of the action since its inception. In the alternative and at a minimum, the Plaintiffs request that this Motion for Reconsideration be viewed as a Motion to Join Deutsche as a [*sic*] Additional Party Defendant." (Filed in lead consolidated case No. 08-459, R. 41, PageID 371.) Before the district court ruled on that motion, Plaintiffs filed a notice of appeal from the March 18, 2010 order dismissing their case.

On May 11, 2010, the district court issued an order denying Plaintiffs' motion for reconsideration, holding that Plaintiff's failed to establish a basis for relief under Federal Rules of Civil Procedure 59(e) and 60. Plaintiffs' previous notice of appeal became effective upon the denial of their motion for reconsideration, *see* Fed. R. App. P. 4(a)(4)(B)(i) (governing effective

date of notices of appeal filed after final judgment but before ruling on post-judgment motions), and their appeal was docketed as Sixth Circuit Case No. 10-5577.

Rather than pursue Appeal No. 10-5577, on May 18, 2010, Plaintiffs filed a motion styled "request for ruling on motion for reconsideration." (No. 08-459, R. 61.) In that motion, Plaintiffs argued that the district court's order denying their motion for reconsideration never fully disposed of Plaintiffs' request to join Deutsche Bank as a defendant. On June 3, 2010, while Plaintiffs' "request for ruling" was pending before the district court, this Court dismissed Appeal No. 10-5577 for lack of prosecution.

On July 12, 2010, the district court issued an order construing Plaintiffs' "request for ruling" as a motion "for the court to reconsider its denial of her motion for reconsideration." (No. 08-459, R. 77, PageID 597.) In that order, the court concluded that "[Plaintiffs] did not move to join Deutsche Bank as a defendant before this case was dismissed, and [their] failure to do so does not warrant reconsideration of the dismissal of her action under" Rules 59(e) or 60. (*Id.*) The district court also observed:

> [Plaintiffs'] motion is untimely under Fed. R. Civ. P. 59(e). A judgment was entered in [Case No. 08-456] on March 18, 2010, and [Plaintiffs] filed [their] second motion for reconsideration on May 18, 2010. A Rule 59(e) motion . . . must be filed no later than 28 days after the entry of judgment.

(*Id.* at 598.)

On August 12, 2010, Plaintiffs filed a new notice of appeal, again appealing from the March 18, 2010 dismissal of case No. 08-456. This second appeal was docketed as the instant action, Sixth Circuit Case No. 10-5999.

## DISCUSSION

Federal Rule of Appellate Procedure 4(a)(1)(A) establishes that a party has 30 days from the entry of judgment or the order appealed from to file a notice of appeal. This deadline, however, is subject to the exception provided in Rule 4(a)(4), which states:

> (A) If a party *timely files* in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> . . .
>
> (iv) to alter or amend the judgment under Rule 59;
>
> . . .
>
> (vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

Fed. R. App. P. 4(a)(4) (emphasis added). Rule 4's deadlines for filing are jurisdictional, and a party's failure to abide by them may therefore be raised at any time while the appeal is pending. *Bowles v. Russell*, 551 U.S. 205, 213 (2007).

In its brief before this Court, MERS argues that we should dismiss this appeal for lack of jurisdiction because Plaintiffs' notice was untimely filed. We agree. The district court entered its final judgment dismissing Plaintiffs' quiet title claim against MERS on March 18, 2010. Plaintiff's April 6, 2010 motion for reconsideration was timely filed, and therefore extended the deadline for filing an appeal until 30 days after the district court entered a ruling on that motion. Fed. R. App. P. 4(a)(4)(A). The district court denied Plaintiffs' motion for reconsideration on May 11, 2010, thus extending the deadline for filing an appeal to June 11, 2010.

Contrary to Plaintiffs' May 18, 2010 "request for ruling," the district court's May 11, 2010 order completely disposed of Plaintiffs' motion for reconsideration by finding that Plaintiffs' had failed to establish entitlement to relief under Rules 59 and 60. Thus, the district

court was correct to construe Plaintiffs' May 18, 2010 "request for ruling" as an untimely second motion to reconsider. Untimely motions to reconsider do not toll the time for filing an appeal. Fed. R. App. P. 4(a)(4). Moreover, motions to join or substitute parties are not among those that toll the time for filing an appeal. *See* Fed. R. App. P. 4(a)(4)(A)(i)–(vi). Thus, under any circumstance, Plaintiffs' deadline for filing an appeal was June 11, 2010—30 days after the denial of their first motion for reconsideration. Because Plaintiffs filed the instant appeal on August 12, 2010, the appeal is untimely, and this Court lacks jurisdiction to hear it.

In their reply brief before this Court, Plaintiffs argue that this jurisdictional issue "could have and should have been raised in the five (5) years for which the case has been pending." (Pls.' Reply. Br. at 7.) As noted above, however, Rule 4's timeliness requirement acts as a restriction on our jurisdiction, and may therefore be raised at any point during the proceedings. *Bowles*, 551 U.S. at 213 ("because [appellant's] error is one of jurisdictional magnitude, he cannot rely on forfeiture or waiver to excuse his lack of compliance with [Rule 4's] time limitations").

## CONCLUSION

Because Plaintiffs' appeal is untimely, this Court lacks jurisdiction to hear it. The appeal is therefore **DISMISSED**.